AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

**FILED**

**July 29, 2026**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.    1:26-MJ-057-BU |
| James Michael Jones | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 22, 2026_____ in the county of _____Taylor_____ in the _____Northern_____ District of _____Texas_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2252A(a)(5)(B) | Possession of Prepubescent Child Pornography<br>Possession of Computer-Generated Prepubescent Child Pornograpy |
| Title 18, United States Code, Section 2260A | Penalties for Registered Sex Offenders |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_(signature)_

Matthew L. Tusing, AUSA

_(signature)_

_Complainant's signature_

Andrew P. Rodela, FBI-TFO

_Printed name and title_

Sworn to before me and signed in my presence in accordance with the requirements of Fed. R. Crim. P. 41.

Date:    July 29, 2026

_(signature)_

_Judge's signature_

City and state:    Abilene, Texas

John R. Parker, U.S. Magistrate Judge

_Printed name and title_

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Andrew Rodela, being first duly sworn, hereby depose and state as follows:

1.  I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), assigned to the Abilene, Texas office. I have been with the FBI since March 2026 and have approximately nine years of law enforcement experience. I hold an associate's degree in criminal justice from Cisco College. Throughout my career as a state and federal agent, I have completed multiple specialized trainings, including those focused on Internet crimes against children, crimes against children, and crime scene investigations.

2.      As an state investigator and TFO, I have conducted and participated in numerous complex investigations, to include but not limited to, child exploitation violations, narcotics violations, sexual assaults, which have culminated in successful State and federal prosecution.

3.      This affidavit is made in support of an application for a criminal complaint for James Michael Jones, who resides at 476 CR 242 Ovalo, Texas, which is in the Abilene Division of the Northern District of Texas. I have discovered evidence that Jones violated 18 U.S.C. § 2252A(a)(5)(B), *Possession of Prepubescent Child Pornography and Possession of Computer-Generated Prepubescent Child Pornography*, and violated 18 U.S.C. § 2260A, *Penalties for Registered Sex Offenders*.

4.      The statements in this affidavit are based upon the investigation I have conducted and based on conversations with other law enforcement officers involved in this investigation, or who have engaged in numerous similar investigations, public source and business records, and my experience and background as a state/federal law

enforcement agent.  Since this affidavit is being submitted for the limited purpose of a complaint affidavit, I have not included each and every fact known concerning this investigation.

### TITLE 18, UNITED STATES CODE SECTION 2252A(a)(5)(B)
### Possession of Prepubescent Child Pornography and
### <u>Possession of Computer-Generated Prepubescent Child Pornography</u>

5.      Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, shipped, or transported using any means or facility of in or affecting interstate or foreign commerce, including by computer, or that was produced using materials that have been mailed, shipped, or transported,  in or affecting interstate commerce by any means, including by computer.

6.      "Child Pornography" includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where— (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.  18 U.S.C. § 2256(8).

7.　　To find a defendant guilty of this crime, the government must prove the following:

*First*: That the defendant knowingly possessed an item or items that contain an image of child pornography, as alleged;

*Second*: That the material was mailed, shipped, or transported using any means or facility of in or affecting interstate or foreign commerce by any means, including by computer;

*Third*: That when the defendant possessed the material, the defendant knew the material contained child pornography; and

*Fourth*: That child pornography involved a prepubescent minor or a minor who had not attained 12 years in age.

### TITLE 18, UNITED STATES CODE SECTION 2260A
### Penalties for Registered Sex Offenders

8.　　Title 18, United States Code, Section 2260A, makes it a crime for a person, who is required to register as a sex offender under state law, to commit a felony offense involving a minor.

9.　　To find a defendant guilty of this crime, the government must prove the following:

*First*:　That the defendant was required by state law to register as a sex offender; and

*Second*: That the defendant committed a felony offense involving a minor, that is, a violation of 18 U.S.C. § 2252A(a)(5)(B)

### STATEMENT OF PROBABLE CAUSE

10.　　On July 22, 2026, the Taylor County Sheriff's Office ("TCSO") Criminal Investigations Division ("CID") conducted its annual sex offender compliance checks in

Taylor County, Texas, to ensure registered sex offenders are complying with state law as required by Texas Code of Criminal Procedure Chapter 62.

11.     As part of the compliance process, I typically check open-source records and other databases for any active online accounts associated with the sex offenders' phone number or other registration information.  I do this to ensure that those on the sex offender registry are staying off the Internet as required.

12.     On July 22, 2026, I found a "Discord" account, username "messor13," that was associated with phone number (325) 530-6350.  That phone number belongs to James Michael Jones according to the Texas Sex Offender Registry.  "Discord" is a free communications application for voice, video, and text chat over the Internet.  The Discord account associated with Jones's phone number had not been disclosed by Jones during his most recent registry update in December 2025, as required by Texas Code of Criminal Procedure §62.051(c).  According to state records, Jones was previously convicted of possessing child pornography in 2016.  He lives at 476 CR 242, Ovalo, Taylor County, Texas, which is in the Abilene Division of the Northern District of Texas.

13.     On July 22, 2026, I arrived at Jones's residence. As I approached the front of his house, Jones exited his residence.  He provided his name, date of birth, and address.  We stood in front of this house and Jones was not in handcuffs. The conversation was cordial.

14.      I asked Jones to list his current social media accounts. Jones admitted that he had Facebook, Instagram, and TikTok accounts. Jones voluntarily opened his phone and displayed several apps, including Snapchat.  When he showed me his Snapchat

account on his phone, I saw that his username was "messor1463." I also saw a "Call of Duty" application on his phone, which is another online access application he was supposed to report and did not.

15. I asked Jones about "Discord." Jones initially denied having an account. Upon further discussion, Jones admitted to having a "Discord" account with username "messor13." Jones consented to the search of his phone. Jones also admitted to possessing additional phone located in his house.

16. Agents arrested Jones for Failure to Comply with Sex Offender Registration Requirements (failure to report internet identifiers), a violation under Texas Code of Criminal Procedure §62.102.

17. Agents read Jones his *Miranda* rights. Jones waived his *Miranda* rights and agreed to answer questions. Jones again consented to a search of his phone and provided the password. Jones voluntarily gave me his phone, which was a TCL NXTPAPER, Model 70 Pro, serial number CIZXWG65SWM7DAIJ.

18. I reviewed Jones's phone. I saw the "Tor Browser" application on the phone. I know from training and experience that the "Tor Browser" is frequently used to access the Dark Web, including sites that traffic in Child Sexual Abuse Material (CSAM).

19. After finding the "Tor Browser" application, I re-administered *Miranda* warnings to Jones, who again acknowledged and agreed to continue answering questions. Jones stated he had only recently acquired the phone. When questioned about the "Tor Browser," Jones admitted, "It's the dark web," and explained that it is used by hackers,

child pornography offenders, and child traffickers. Upon further questioning, Jones nodded affirmatively when asked if he had accessed prohibited material on the app. Jones admitted to viewing child pornography on the dark web "every once in a while." Jones further stated that he searches for "Hebe files" (referring to material depicting persons under 17) and described viewing explicit images and videos of prepubescent minors being sexually assaulted. Jones admitted to a sexual interest in prepubescent girls, specifically referencing children ages 10 or 11 years old. He confessed to having recently viewed child pornography, including video depictions of minors being sexually assaulted by adults.

20.    Jones voluntarily showed agents how to access child pornography using the "Tor Browser." He navigated to the "Hiddenwiki" directory. I saw images of children being sexually assaulted on Jones's phone. Jones stated that he typically downloads such images and videos, then deletes them from the app, and admitted to engaging in this behavior on a previous phone as well, where he also saved illicit material.

21.    I requested Jones's consent to return to his residence and retrieve his other phone. Jones consented to return and retrieve the device. Jones signed a written consent for law enforcement to download data from his current phone, and further admitted that AI-generated child pornography would likely be found on his device, and admitted to using a free AI generator.

22.    Jones and agents returned to Jones's residence and retrieved two additional phones: a MOTO G STYLUS 5G (2024), Serial Number ZY22L45QC2, and a MOTO G STYLUS 5G (2002), Serial Number ZD222BDKBY. Jones provided verbal consent for

the search of both devices. Upon searching the MOTO G STYLUS 5G (2024), I accessed a locked folder on the device. I saw multiple images and videos depicting prepubescent children being sexually abused, including but not limited to a video of a prepubescent white female being penetrated by an adult male, and an image of a prepubescent female being sexually assaulted by an adult female. Numerous additional images depicting sexual abuse of prepubescent males and females were located in Jones's phone.

23.    Agents transported Jones back to the Taylor County Sheriff's Office, where I conducted a follow-up interview. I reminded Jones of his prior *Miranda* warning, and Jones agreed to continue answering questions. Jones again consented to a search of his phone and admitted that the locked folder contained downloads of child pornography. Jones stated he began viewing child pornography approximately six months after his release from prison. He admitted to a sexual interest in "tiny petite girls," and to having downloaded and viewed between 100 to 200 videos and images of child pornography from the dark web, as well as approximately 200 images of AI-generated child pornography. Jones also admitted to receiving and saving a sexually explicit video from a 14- or 15-year-old female via Snapchat, and to possessing child pornography on his Telegram account.

24.    Jones further admitted to downloading non-sexual images of children from the Facebook pages of known acquaintances, including specific known persons in Tuscola, Texas, and former Army associates.  He admitted to using those non-sexual children images to generate AI child pornography. Jones specifically identified one known child and described generating explicit images using AI tools. Jones signed

written consent for forensic analysis of the additional phones. That forensic review has just started. Agents are continuing to investigate whether Jones produced child pornography over the Internet with known victims.

25. However at this time, based on the information above, I have probable cause to believe that James Michael Jones violated 18 U.S.C. § 2252A(a)(5)(B), *Possession of Prepubescent Child Pornography and Possession of Computer-Generated Prepubescent Child Pornography*, and violated 18 U.S.C. § 2260A, *Penalties for Registered Sex Offenders*, in the Abilene Division of the Northern District of Texas and respectfully ask that this Court issue a criminal complaint and arrest warrant for him.

Andrew P. Rodela, Task Force Officer
Federal Bureau Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41 (d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this _29th_ day of July 2026.

Honorable John R. Parker
United States Magistrate Judge